# Keiser *v.* Eberly, Appellant.

*Appeals—Assignments of error—Exceptions.*

1. A refusal to enter a compulsory nonsuit is not assignable for error.

2. An assignment of error to the refusal of a point will be dismissed where it appears that no exception was taken to the refusal.

3. An assignment of error raising more than one distinct question will not be considered.

4. If the refusal of the court to enter judgment for the defendant non obstante veredicto is to be assigned for error there must have been an exception taken to the court's action in refusing judgment.

Argued May 18, 1909. Appeal, No. 107, Jan. T., 1909, by defendants, from judgment of C. P. York Co., Jan. T., 1908, No. 19, on verdict for plaintiff in case of George F. Keiser v. Minerva E. Eberly, trading as The Wilbur A. Eberly Wheel Works. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries.  Before
BITTENGER, P. J.

Verdict and judgment for plaintiff for $1,870.  Defendant
appealed.

*Errors assigned* were in the following form:

1. The learned court erred in refusing to enter a compulsory nonsuit after the evidence of the plaintiff had been closed.

2. The learned court erred in refusing the fourth point submitted in writing by the defendant, which point was as follows: "4. Under the facts and the law, the verdict should be for the defendant."

3. The learned court erred in not giving binding instructions for the defendant at the trial of the case.

4. The learned court erred in overruling the defendant's motion for judgment non obstante veredicto and in overruling the motion for a new trial and dismissing the rule at the cost of the defendant.

5. The learned court erred in directing judgment to be entered for the plaintiff.

*N. S. Ross,* with him *H. C. Brenneman,* for appellant.

*John A. Hoober,* for appellee.

PER CURIAM, October 11, 1909:

If there is any error in this record calling for a reversal of the judgment in favor of the plaintiff below, it has not been brought to our notice by any one of the five assignments. From Bavington v. Pittsburg and Steubenville Railroad Co., 34 Pa. 358, to Wallace v. Jameson et al., 179 Pa. 98, we have uniformly ruled that a refusal to enter a compulsory nonsuit is not assignable for error, and the reason for this is found in Borough of Easton v. Neff, 102 Pa. 474.  The first assignment is, therefore, dismissed.  The next two complain of the court's refusal to affirm defendant's fourth point, asking for binding instructions in her favor.  No exception was taken to the refusal of this point, and the second and third assignments

must be dismissed. The fourth is also dismissed for being in palpable violation of rule 29, which provides that "if any specification embrace more than one point, or refer to more than one bill of exceptions, or raise more than one distinct question, it shall be considered a waiver of all the errors so alleged." With no error properly assigned to anything done on the trial or to the refusal of the court to enter judgment for the defendant non obstante veredicto, the fifth assignment, complaining in general terms of the entry of judgment for the plaintiff, must fall with the other four.

Judgment affirmed.